**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| SUSAN VANA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ENTELLUS MEDICAL, INC., BRIAN E. FARLEY, ROBERT S. WHITE, JOHN BAKEWELL, JOSH BALTZELL, SHAWN MCCORMICK, JAMES C. MOMTAZEE, DAVE MILNE, GUIDO NEELS, DOUGLAS S. ROHLEN, STRYKER CORPORATION, and EXPLORER MERGER SUB CORP.,<br><br>Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by her undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on December 7, 2017 (the "Proposed Transaction"), pursuant to which Entellus Medical, Inc. ("Entellus" or the "Company") will be acquired by Stryker Corporation ("Parent") and Explorer Merger Sub Corp. ("Merger Sub," and together with Parent, "Stryker").

2. On December 7, 2017, Entellus's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Stryker. Pursuant to the terms of the Merger Agreement, shareholders of Entellus will receive $24.00 per share in cash.

3.   On January 8, 2018, defendants filed a preliminary proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.   The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement, and that the stockholder vote should be enjoined until defendants disclose the material information sought herein.

## JURISDICTION AND VENUE

5.   This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.   This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.   Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.   Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Entellus common stock.

9.   Defendant Entellus is a Delaware corporation and maintains its principal executive offices at 3600 Holly Lane North, Suite 40, Plymouth, Minnesota 55447. Entellus's common

stock is traded on the NasdaqGM under the ticker symbol "ENTL."

10. Defendant Brian E. Farley ("Farley") has served as Chairman of the Board of Entellus since November 2014 and as a director of the Company since 2008.

11. Defendant Robert White ("White") has served as President and Chief Executive Officer of Entellus since April 2015.

12. Defendant John Bakewell ("Bakewell") is a director of Entellus.

13. Defendant Josh Baltzell ("Baltzell") is a director of Entellus.

14. Defendant Shawn McCormick ("McCormick") is a director of Entellus.

15. Defendant James C. Momtazee ("Momtazee") is a director of Entellus.

16. Defendant Dave Milne ("Milne") is a director of Entellus.

17. Defendant Guido Neels ("Neels") is a director of Entellus.

18. Defendant Douglas S. Rohlen ("Rohlen") is a director of Entellus.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20. Defendant Parent is a Michigan corporation and a party to the Merger Agreement.

21. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a class action on behalf of herself and the other public stockholders of Entellus (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23. This action is properly maintainable as a class action.

24. The Class is so numerous that joinder of all members is impracticable. As of

December 1, 2017, there were approximately 25,478,820 shares of Company common stock outstanding held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

25. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

29. Entellus is a medical technology company focused on delivering patient and physician experiences through products designed for less invasive treatments.

30. Entellus's products are used for the treatment of adult and pediatric patients with chronic and recurrent sinusitis, patients with nasal airway obstruction, and adult patients with persistent Eustachian tube dysfunction.

31. The Entellus platform of products provides safe, effective, and easy-to-use solutions intended to enable treatment of patients in more cost-effective sites of care.

32. The Company's product lines, including the XprESS™ ENT Dilation System, Latera™ Absorbable Nasal Implant, MiniFESS™ Surgical Instruments, XeroGel Nasal Dressing, and FocESS™ Imaging & Navigation, combine to enable ENT physicians to conveniently and comfortably perform a broad range of procedures in the most cost effective and efficient site of care.

33. According to its website, Entellus is committed to broadening its product portfolio with high-quality and purposeful innovations for the global ENT market.

34. On December 7, 2017, the Individual Defendants caused the Company to enter into the Merger Agreement.

35. Pursuant to the terms of the Merger Agreement, shareholders of Entellus will receive $24.00 per share in cash.

36. On January 8, 2018, defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

37. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

38. The Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, Piper Jaffray & Co. ("Piper Jaffray").

39. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

40. For example, with respect to Piper Jaffray's *Discounted Cash Flows Analysis*, the Proxy Statement fails to disclose: (i) the tax benefit of existing net operating losses; (ii) the projected terminal value at December 31, 2022; (iii) the inputs and assumptions underlying the range of discount rates ranging from 10.0% to 12.0%; and (iv) the implied perpetuity growth rates.

41. With respect to Piper Jaffray's *Selected Public Companies Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for the companies observed by Piper Jaffray in the analysis.

42. With respect to Piper Jaffray's *Selected M&A Transaction Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Piper Jaffray in the analysis.

43. With respect to Piper Jaffray's *Premiums Paid Analysis*, the Proxy Statement fails to disclose the transactions observed by Piper Jaffray in the analysis as well as the premiums paid in such transactions.

44. The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Recommendation of the Board and Reasons for the Merger; (iii) Fairness Opinion of Entellus' Financial Advisor; and (iv) Certain Financial Forecasts.

45. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Entellus's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Entellus**

46.   Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47.   The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Entellus is liable as the issuer of these statements.

48.   The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

49.   The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

50.   The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

51.   The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

52.   By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

53. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Stryker

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. The Individual Defendants and Stryker acted as controlling persons of Entellus within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Entellus and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

56. Each of the Individual Defendants and Stryker was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

57. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly in the making of the Proxy Statement.

58. Stryker also had direct supervisory control over the composition of the Proxy Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Proxy Statement.

59. By virtue of the foregoing, the Individual Defendants and Stryker violated Section 20(a) of the 1934 Act.

60. As set forth above, the Individual Defendants and Stryker had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for

plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff respectfully requests a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: January 23, 2018 | **ALTMAN & IZEK** |
| | By: *s/ Adam Altman* |
| **OF COUNSEL:** | Adam Altman |
| | Douglas B. Altman |
| **RIGRODSKY & LONG, P.A.** | 901 North Third Street, Suite 140 |
| Brian D. Long | Minneapolis, MN 55401 |
| Gina M. Serra | Telephone: (612) 335-3700 |
| 300 Delaware Avenue, Suite 1220 | E-mail: adam@altmanizek.com |
| Wilmington, DE 19801 | |
| Telephone: (302) 295-5310 | *Attorneys for Plaintiff* |
| Emails: bdl@rl-legal.com | |
| gms@rl-legal.com | |

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Email: rm@maniskas.com

# CERTIFICATION OF PLAINTIFF

I, Susan Vana ("Plaintiff"), hereby declare as to the claims asserted under the federal securities laws that:

1. Plaintiff has reviewed the complaint and authorizes its filing.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, either individually or as part of a group, and I will testify at deposition or trial, if necessary. I understand that this is not a claim form and that I do not need to execute this Certification to share in any recovery as a member of the class.

4. Plaintiff's purchase and sale transactions in the Entellus Medical, Inc. (NasdaqGM: ENTL) security that is the subject of this action during the class period is/are as follows:

PURCHASES

| Buy Date | Shares | Price per Share |
|---|---|---|
| 11/10/17 | 15 | $16.03 |
|  |  |  |
|  |  |  |
|  |  |  |

SALES

| Sell Date | Shares | Price per Share |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*Please list additional transactions on separate sheet of paper, if necessary.*

5. Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including Plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6. During the three years prior to the date of this Certification, Plaintiff has not moved to serve as a representative party for a class in an action filed under the federal securities laws.

7. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's *pro rata* share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of January, 2018.

_____
Susan Vana